IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 99-60486
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN KEITH THOMAS,

Defendant-Appellant.

-------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:98-CR-15-LS
-------------------
October 25, 2000

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Brian Keith Thomas appeals his conviction of money laundering, transferring a machine gun, and transferring firearms to a convicted felon. He contends that his money-laundering conviction should be reversed because he was entrapped by Government agents. Thomas maintains that the prosecution failed to prove his predisposition to launder money. Specifically, he suggests a lack of evidence that he

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was so disposed that it was likely that someone else would have induced him to launder money if the Government had not done so. His argument has been referred to as a "positional predisposition" entrapment defense.[1] Thomas requested and received a jury instruction on entrapment; however, he did not posit the "positional predisposition" theory at trial. We accordingly decline to consider this issue on appeal.[2]

Thomas submits that the district court clearly erred in determining that his sentence should be based on the twelve million dollars that he negotiated to launder for the confidential informant because Thomas was not reasonably capable of laundering that sum. "Funds under negotiation in a laundering transaction are properly considered in the calculation of a sentence."[3] We find no clear error in the trial court's determination that Thomas should be sentenced based on the twelve million dollars that he intended to launder.[4]

Finally, we reject as totally without merit Thomas's suggestion that the district court clearly erred by enhancing his sentence for obstruction of justice based upon its finding that he committed perjury at trial.[5]

The conviction and sentence are AFFIRMED.

---

[1] United States v. Brace, 145 F.3d 247 (5th Cir. 1998).

[2] Id.

[3] United States v. Tansley, 986 F.2d 880 (5th Cir. 1993).

[4] United States v. Landerman, 167 F.3d 895 (5th Cir. 1999).

[5] United States v. Storm, 36 F.3d 1289 (5th Cir. 1994).